IN THE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| C.L.D., a minor, by and through His Next Friend, LaVERNE DIXON,<br><br>    Plaintiff<br><br>-vs-<br><br>EDDIE BOYD, III, TODD H. EPSTEIN, VINCENT J. BOMMARITO, CHRISTOPHER GOODSON, JULIUS HUNTER, and FRANCIS SLAY,<br><br>    Defendants | No. 4:08-CV-788 CAS |

## AMENDED COMPLAINT FOR DAMAGES

COMES NOW Plaintiff C.L.D., a minor, by and through his Next Friend, LaVerne Dixon, and for his cause of action against Defendants, states:

### Common Allegations

1. Plaintiff is now and was at all times herein mentioned a citizen of the United States and of the State of Missouri, residing at all times within the Eastern Division of the Eastern District of Missouri.

2. Defendants, and each of them, are now and were at all times herein mentioned citizens of the United States and of the State of Missouri and at all times each of them resided within the Eastern Division of the Eastern District of Missouri.

3. That all of the events herein complained of occurred within the Eastern Division of the Eastern District of the State of Missouri and venue is therefore proper in this Court under the provisions of 28 U.S.C. § 1391.

4. Defendants Todd H. Epsten, Vincent J. Bommarito, Christopher Goodson, Julius Hunter, and Francis Slay collectively comprise the Board of Police Commissioners of the St. Louis Metropolitan Police Department and are appointed and acting pursuant to the provisions of R.S.Mo. § 84.020. They are sued in their representative capacity as such and will hereafter be referred to as Defendants Police Board.

5. That at all times herein mentioned, Defendant Eddie Boyd, III (hereinafter "Defendant Boyd") was a duly commissioned officer hired, employed, trained, supervised, equipped and regulated by Defendants Police Board and the St. Louis Metropolitan Police Department; that at all times herein mentioned, Defendant Boyd acted both individually and as the agent, servants, and employee of Defendants Police Board.

6. That at all times herein mentioned, Defendants Police Board acted by and through their respective agents, servants, and employees, who at all times herein mentioned acted within the course and scope thereof.

## COUNT I
### (Deprivation of Civil Rights)

Comes now Plaintiff, by and through his Next Friend, and for Count I of his cause of action against Defendants, states:

7. Plaintiff realleges and incorporates herein by reference as though fully set out herein Paragraphs 1 through 6 of the Common Allegations.

8. This action is prosecuted pursuant to the provisions of 42 U.S.C. § 1983 to remedy deprivation of rights secured by the Fourteenth Amendment of the United States Constitution. This Court has jurisdiction pursuant to the provisions of 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3).

9.      That at all times herein mentioned, Defendant Boyd was a duly commissioned correctional officer hired, employed, trained, supervised, equipped, and regulated by Defendants Police Board.

10.     That on or about the 26th day of April, 2007, Plaintiff was lawfully walking along the 4200 block of Cottage Avenue, at or near 4248 Cottage Avenue, in the City of St. Louis.

11.     That at the aforesaid time and location, Defendant Boyd assaulted Plaintiff by means of threatening words and gestures, and by approaching Plaintiff in a threatening manner with a drawn semi-automatic pistol pointed at Plaintiff and positioned in a way suggesting that Defendant Boyd intended to use the pistol to shoot or strike Plaintiff; the aforesaid assault occurred without provocation or justification therefor; the aforesaid assault occurred at a time when Defendant Boyd was on duty an din uniform and acting as a duly commissioned police officer; and the aforesaid assault was therefore performed while Defendant Boyd was acting under the color of state law.

12.     That immediately thereafter, Defendant Boyd committed multiple battery upon the person of Plaintiff by striking Plaintiff on the head and fact with the aforesaid semi-automatic pistol and dragging him by his clothes through the street; said battery was committed without provocation or justification therefor; and said battery was committed by Defendant Boyd under color of state law.

13.     The aforesaid assault and battery by Defendant Boyd was committed by him intentionally, maliciously, recklessly, and without legal justification or provocation therefor.

14.     That prior to and at the time of the aforesaid assault and battery, Defendants Police Board failed and omitted to properly and adequately train, supervise, equip, regulate and

direct Defendant Boyd with regard to its policies and procedures concerning the use of force against a person.

15. That as a direct result of the aforesaid assault and batter upon the person of Plaintiff, Plaintiff's head and face, and all of the skin, muscles, tendons, nerves, vessels, and organs thereof were caused to be severely lacerated, abraded, contused, fractured, and rendered swollen and inflamed; Plaintiff suffered a two centimeter laceration lateral to the left eye; Plaintiff suffered a one-half centimeter laceration above the left eye; Plaintiff suffered a one centimeter laceration on the bridge of his nose; Plaintiff suffered, and will ever suffer in the future, severe pain and mental anguish and physical scarring as a result thereof.

16. That as a further direct result of the aforesaid occurrence and the resulting injuries and damages sustained by Plaintiff, Plaintiff has been caused to undergo certain reasonable and necessary medical and hospital care and treatment, for which Plaintiff has been caused to incur or become indebted for an amount not yet determined, and Plaintiff will be caused to undergo further such care and treatment in the future and to incur or become indebted for further such large sums therefor.

17. That after the aforesaid occurrence, multiple members of the St. Louis Metropolitan Police Department arrived at the scene of the aforesaid assault and battery, at which time Defendant Boyd, acting under color of state law, communicated to police officers and representatives then and there present that Plaintiff had assaulted Defendant Boyd, that Plaintiff had disturbed the peace, and that Plaintiff had resisted arrest.

18. That the aforesaid representations and communications by Defendant Boyd were false, untrue, and were made by Defendant Boyd maliciously, intentionally, and fraudulently for the purpose of causing Plaintiff to be arrested and prosecuted in the absence of grounds therefor.

19. That thereafter, Defendant Boyd and other officers of the St. Louis Metropolitan Police Department caused Plaintiff to be arrested and charged with the offenses of assaulting a police officer, resisting arrest, and disturbing the peace, to be handcuffed, detained, and processed; all of which such actions were taken in the absence of probable cause or reasonable justification thereof.

20. That all of the aforesaid acts and occurrences were performed under color of state law; were performed intentionally, maliciously, and without just cause or legal excuse therefor; all in the deprivation of rights, privileges, and immunities secured to Plaintiff by the Constitution and laws of the United States.

21. That prior to and at the time of the aforesaid false arrest, Defendants Police Board failed and omitted to properly and adequately train, supervise, equip, regulate and direct Defendant Boyd with regard to its policies and procedures concerning the detention and arrest of a person.

22. That Defendants Police Board knew, or in the exercise of due diligence should have known, that the aforesaid conduct of Defendant Boyd within the St. Louis Metropolitan Police Department was likely to occur.

23. That Defendants Police Board failed to take any preventative or remedial measures to guard against such conduct as previously described and set forth herein; that had Defendants Police Board taken such measures, Plaintiff would not have suffered damage as the result of the aforesaid assault, battery and false arrest of Plaintiff.

24. That the failure of Defendants Police Board amounted to deliberate indifference, or deliberate misconduct, which directly caused the damage suffered by Plaintiff in that said

Defendants failed to properly train, instruct and supervise Defendant Boyd concerning the use of force, detention and arrest of a person.

25. That as a direct and proximate result of the conduct of Defendants, and each of them, Plaintiff sustained the damage as previously alleged, herein, and incorporated by reference.

WHEREFORE, Plaintiff C.L.D., a minor, by and through his Next Friend, LaVerne Dixon, states that he has been damaged, for which damage he prays judgment against Defendants, and each of them, in such sum as may be fair and reasonable, together with punitive damages, prejudgment interest, and his costs in this behalf expended.

## COUNT II
## (Assault)

Comes now Plaintiff, by and through his Next Friend, and for Count II of his cause of action against Defendant Eddie Boyd, III, states:

26. Plaintiff realleges and incorporates by reference as though fully set out herein Paragraphs 1 through 6 of Common Allegations and Paragraphs 7 through 25 of Count I of Plaintiff's Amended Complaint for Damages.

27. This action is brought to remedy the deprivation of rights secured by the laws of the State of Missouri; this Court has jurisdiction under 28 U.S.C. § 1367.

28. That on or about the 26th day of April, 2007, at or near 4248 Cottage Avenue in the City of St. Louis, Defendant Boyd assaulted Plaintiff by means of threatening words and gestures, and by approaching Plaintiff in a threatening manner with a drawn semi-automatic pistol pointed at Plaintiff and positioned in a way suggesting that Defendant Boyd intended to use the pistol to shoot or strike Plaintiff; the aforesaid assault occurred without provocation or justification therefor.

29.     The aforesaid assault by Defendant Boyd was committed by him intentionally, maliciously, recklessly, and without legal justification or provocation therefor.

30.     That as a direct result of the aforesaid assault upon the person of Plaintiff, Plaintiff suffered, and will ever suffer in the future, severe pain and mental anguish and scarring as a result thereof; Plaintiff has been caused to undergo certain reasonable and necessary medical and hospital care and treatment, for which Plaintiff has been caused to incur or become indebted for an amount not yet determined, and Plaintiff will be caused to undergo further such care and treatment in the future and to incur or become indebted for further such large sums therefor.

WHEREFORE, Plaintiff C.L.D., a minor, by and through his Next Friend, LaVerne Dixon, states that he has been damaged, for which damage he prays judgment against Defendant Eddie Boyd, III, in such sum as may be fair and reasonable, together with punitive damages, prejudgment interest, and his costs in this behalf expended.

## COUNT III
## (Battery)

Comes now Plaintiff, by and through his Next Friend, and for Count III of his cause of action against Defendant Eddie Boyd, III, states:

31.     Plaintiff realleges and incorporates by reference as though fully set out herein Paragraphs 1 through 6 of Common Allegations, Paragraphs 7 through 25 of Count I, and Paragraphs 26 through 30 of Count II of Plaintiff's Amended Complaint for Damages.

32.     This action is brought to remedy the deprivation of rights secured by the laws of the State of Missouri; this Court has jurisdiction under 28 U.S.C. § 1367.

33.     That on or about the 26th day of April, 2007, immediately after the aforesaid assault of Plaintiff, Defendant Boyd committed multiple battery upon the person of Plaintiff by

striking Plaintiff on the head and face with the aforesaid semi-automatic pistol and dragging him by his clothes through the street; said battery was committed without provocation or justification therefor.

34. The aforesaid battery by Defendant Boyd was committed by him intentionally, maliciously, recklessly, and without legal justification or provocation therefor.

35. That as a direct result of the aforesaid assault and battery upon the person of Plaintiff, Plaintiff's head and face, and all of the skin, muscles, tendons, nerves, vessels, and organs thereof were caused to be severely lacerated, abraded, contused, fractured, and rendered swollen and inflamed; Plaintiff suffered a two centimeter laceration lateral to the left eye; Plaintiff suffered a one-half centimeter laceration above the left eye; Plaintiff suffered a one centimeter laceration on the bridge of his nose; Plaintiff suffered, and will ever suffer in the future, severe pain and mental anguish and physical scarring as a result thereof.

36. That as a further direct result of the aforesaid occurrence and the resulting injuries and damages sustained by Plaintiff, Plaintiff has been caused to undergo certain reasonable and necessary medical and hospital care and treatment, for which Plaintiff has been caused to incur or become indebted for an amount not yet determined, and Plaintiff will be caused to undergo further such care and treatment in the future and to incur or become indebted for further such large sums therefor.

WHEREFORE, Plaintiff C.L.D., a minor, by and through his Next Friend, LaVerne Dixon, states that he has been damaged, for which damage he prays judgment against Defendant Eddie Boyd, III, in such sum as may be fair and reasonable, together with punitive damages, prejudgment interest, and his costs in this behalf expended.

## COUNT IV
## (False Arrest)

Comes now Plaintiff, by and through his Next Friend, and for Count IV of his cause of action against Defendant Eddie Boyd, III, states:

37. Plaintiff realleges and incorporates by reference as though fully set out herein Paragraphs 1 through 6 of Common Allegations, Paragraphs 7 through 25 of Count I, Paragraphs 26 through 30 of Count II, and Paragraphs 31 through 36 of Count III of Plaintiff's Amended Complaint for Damages.

38. This action is brought to remedy the deprivation of rights secured by the laws of the State of Missouri; this Court has jurisdiction under 28 U.S.C. § 1367.

39. That on or about the 26th day of April, 2007, immediately after the aforesaid assault and battery of Plaintiff, Defendant Boyd, acting by and through his agents, servants, and employees, acting without the course and scope thereof, caused Plaintiff be arrested and restrained against his will.

40. That the aforesaid arrest and restraint of Plaintiff was instigated by Defendant Boyd, acting by and through his agents, servants, and employees acting within the course and scope thereof, and was performed knowingly, intentionally, maliciously, unlawfully, and without just cause, legal justification, or provocation therefor.

41. That as a direct result of the foregoing arrest and restraint of Plaintiff, Plaintiff was caused to be deprived of his liberty and of his time; Plaintiff was caused to be damaged and depreciated in reputation; Plaintiff suffered mental anguish as a result thereof; and the treatment of Plaintiff's aforesaid injuries was caused to be delayed.

WHEREFORE, Plaintiff C.L.D., a minor, by and through his Next Friend, LaVerne Dixon, states that he has been damaged, for which damage he prays judgment against Defendant

Eddie Boyd, III, in such sum as may be fair and reasonable, together with punitive damages, prejudgment interest, and his costs in this behalf expended.

                                                    CASEY & DEVOTI, P.C.

                                                    */s/ Matthew J. Devoti*

by                                               _____

                                                Matthew J. Devoti     #84877
                                                mjd@caseydevoti.com
                                                Reiad M. Khouri     #507322
                                                rmk@caseydevoti.com
                                                Attorneys for Plaintiff
                                                10 South Broadway, Suite 825
                                                St. Louis, Missouri   63102
                                                (314) 421-0763
                                                Fax (314) 421-5059
                                                mjd@caseydevoti.com

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on the 29th day of September 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following counsel of record:

Robert J. Isaacson
Assistant Attorney General
Old Post Office Building
815 Olive, Suite 215
St. Louis, Missouri 63188
(314) 340-7861 (Tel)
(314) 340-7029 (Fax)

*Attorneys for Defendant*

                                                                               _/s/ Matthew J. Devoti_____

MJD/smc