UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| C.L.D., a minor, by and through<br>His Next Friend, LAVERNE DIXON,<br><br>    Plaintiff,<br><br> v.<br><br>EDDIE BOYD, III, et al.,<br><br>    Defendants. | No. 4:08-CV-788 CAS |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Eddie Boyd, III's motion for summary judgment. Plaintiff opposes the motion and it is fully briefed. For the following reasons, the motion will be denied.

**Background**

On April 26, 2007, defendant Boyd, formerly with the St. Louis Metropolitan Police Department, allegedly used unlawful force and unlawfully arrested plaintiff Christopher Dixon after a fist fight near Sumner High School.[1] In his amended complaint, plaintiff alleges the following federal and state law claims against defendant: deprivation of civil rights in violation of 42 U.S.C. § 1983 (Count I); assault (Count II); battery (Count III); and false arrest (Count IV).[2]

---

[1] Plaintiff filed this case as a minor, using his initials C.L.D. The Court granted plaintiff's motion for appointment of Next Friend, Laverne Dixon. Plaintiff has since reached the age of majority, and the parties refer to him by his proper name, Christopher Dixon.

[2] Plaintiff has also named as defendants the individual members of the Board of Police Commissioners of the St. Louis Metropolitan Police Department. These defendants have filed a separate motion for summary judgment, which will be ruled by separate Memorandum and Order.

Defendant Boyd filed a motion for summary judgment on all claims. In addition to seeking summary judgment on the merits of all plaintiff's claims, Boyd also asserts he is protected as a government official by the doctrines of qualified immunity and official immunity.

**Summary Judgment Standard**

The standards applicable to summary judgment motions are well settled. Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment if all of the information before the court shows "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The initial burden is placed on the moving party. City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc., 838 F.2d 268, 273 (8th Cir. 1988) (the moving party has the burden of clearly establishing the non-existence of any genuine issue of fact that is material to a judgment in its favor). Once this burden is discharged, if the record shows that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on a material factual issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

Once the burden shifts, the non-moving party may not rest on the allegations in his pleadings, but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); Herring v. Canada Life Assur. Co., 207 F.3d 1026, 1029 (8th Cir. 2000); Allen v. Entergy Corp., 181 F.3d 902, 904 (8th Cir. 1999). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). A dispute about a material fact is "genuine" only "if the evidence is such that a reasonable jury could return a verdict

for the nonmoving party." Herring, 207 F.3d at 1029 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). A party resisting summary judgment has the burden to designate the specific facts that create a triable question of fact. See Crossley v. Georgia-Pacific Corp., 355 F.3d 1112, 1114 (8th Cir. 2004). "Self-serving, conclusory statements without support are not sufficient to defeat summary judgment." Armour and Co., Inc. v. Inver Grove Heights, 2 F.3d 276, 279 (8th Cir. 1993).

In reviewing a motion for summary judgment, this Court is required to view the facts in a light most favorable to the non-moving party and to give the non-moving party the benefit of any inferences that can logically be drawn from those facts. Matsushita, 475 U.S. at 587; Buller v. Buechler, 706 F.2d 844, 846 (8th Cir. 1983). Moreover, this Court is required to resolve all conflicts in favor of the non-moving party. Robert Johnson Grain Co. v. Chemical Interchange Co., 541 F.2d 207, 210 (8th Cir. 1976).

**Discussion**

Plaintiff's claims arise out an incident in which Officer Boyd struck plaintiff in the face with either a pair of handcuffs (Officer Boyd's version) or a gun (plaintiff's version), causing lacerations around plaintiff's eye and over the bridge of plaintiff's nose, which required stitches. Defendant Boyd moves for summary judgment asserting that plaintiff cannot show Boyd intentionally struck plaintiff. The Court finds that genuine issues of material fact remain which preclude entry of judgment.

    A.    Plaintiff's § 1983 Claims

        (1)    Unreasonable and Excessive Force

Defendant argues he is entitled to summary judgment on the merits of plaintiff's excessive force claim because "[i]t is an uncontested material fact that Officer Boyd did not intend to hit Dixon

in the face." (Mem. at 7). It is clearly established that the use of excessive force in effecting a seizure violates the Fourth Amendment. <u>Tennessee v. Garner</u>, 471 U.S. 1, 8-9 (1985). The Court analyzes excessive force claims in the context of seizures under the Fourth Amendment, applying its reasonableness standard. <u>Brown v. City of Golden Valley</u>, 574 F.3d 491, 496 (8th Cir. 2009).

The facts surrounding the excessive force claim are in dispute. According to plaintiff, he was at an after-school basketball program at Sumner High School. At the time, plaintiff was a 16-year-old high school student attending Sumner High School. As he was leaving the gym, he saw a fist fight break out on one of the activity buses. The police were called, and plaintiff testified that when the police came, "all the kids . . . just broke out running." Plaintiff ran for about half a block and then began walking. As he was walking, he was approached by Officer Boyd in a police car. Plaintiff testified that Officer Boyd had his gun pointing out the window. Plaintiff stopped and put his hands up in the air. Officer Boyd got out of the vehicle, approached plaintiff, and started to lower his gun. Plaintiff testified that he thought Officer Boyd was going to lower the gun to his holster, but instead he hit plaintiff in the face with the barrel of the gun, knocking plaintiff to the ground. Plaintiff sustained two lacerations around his left eye and one laceration over the bridge of his nose. Officer Boyd then dragged plaintiff by the hood of his sweatshirt through the street to his patrol car. Officer Boyd placed plaintiff face down in the street, held him down with his foot, and called for backup. Plaintiff was later transported by police officers to Children's Hospital where he received stitches for his facial lacerations. (Dixon Dep. at 28-39)

Officer Boyd remembers things differently. He testified that he responded to the police dispatch regarding a fist fight on a school bus. As he arrived at the scene, he saw plaintiff running and ordered him to stop. Officer Boyd got out of his car and drew his weapon at a 45-degree angle

from the ground and asked to see plaintiff's hands. Once Officer Boyd saw plaintiff's hands, he testified that he put his gun back in the holster and took out his handcuffs. Officer Boyd testified that he tried to grab plaintiff's right wrist to handcuff him, but plaintiff pushed him in the stomach. As Officer Boyd tried to handcuff plaintiff again, Boyd testified that he slipped in the grass, fell forward, and struck plaintiff in the face with the handcuffs. Officer Boyd then handcuffed plaintiff, helped pick him up off the ground, and walked plaintiff to the patrol car, where he called for backup.

Despite these unresolved factual disputes, Officer Boyd moves for summary judgment on all plaintiff's claims. He bases his summary judgment motion on the following testimony from plaintiff's deposition:

> Q. Okay. Now, what facts are you aware of that Officer Boyd intended to hit you in the face with the gun?
> A. What facts?
> Q. Yeah.
> A. I don't know.
> Q. Tell me why you believe he intended to hit you in the face with the gun.
> A. I don't believe he intended to hit me in the face. It just happened. I didn't know what was going to happen.

(Pl. Dep. at 81). Based on this testimony, Boyd argues that "[i]t is an uncontested material fact that Officer Boyd did not intend to hit Dixon in the face."

In response to this argument, plaintiff filed a declaration stating that his deposition testimony was accurate, but has been misinterpreted by defendant Boyd:

> This statement is true because I did not know what was going to happen. I also did not know if Mr. Boyd intended to strike me in the face or intended to strike some other part of my body. I do know that Mr. Boyd intended to strike me with his gun, and he did strike me with his gun. It was not an accident when Mr. Boyd struck me and I have never testified or stated that it was an accident.

(Dixon Decl. at ¶¶ 5-6).

In determining whether summary judgment is appropriate, the Court must view the facts and inferences in the light most favorable to the plaintiff, the non-moving party. Reviewing plaintiff's deposition testimony as a whole and his declaration, it is apparent that his claim of excessive force is based on Officer Boyd intentionally striking him in the face with the gun. While at one point plaintiff testified that he did not believe Officer Boyd "intended to hit me in the face. It just happened," this statement alone does not entitle defendant to summary judgment and close the case, as defendant suggests. Viewed in the light most favorable to plaintiff, the statement simply reflects that plaintiff did not know Officer Boyd's intent as he was lowering his gun. As he states in his declaration, "I do know that Mr. Boyd intended to strike me with his gun, and he did strike me with his gun." (Dixon Decl. at ¶ 5). It is also likely that plaintiff, a 16 year old, could not articulate to defense counsel at deposition the facts that would establish that Officer Boyd had the requisite intent when he struck plaintiff in the face with his gun. As plaintiff said, "It just happened. I didn't know what was going to happen." (Pl. Dep. at 81). Taken as a whole, plaintiff's testimony establishes that he did not consider Officer Boyd's actions unintentional.

Plaintiff and Officer Boyd have two different recollections of the facts surrounding the events at issue. The Court has reviewed the record extensively and, based on the record before it, finds there is a dispute as to the amount of force and nature of the force used to handcuff and arrest plaintiff. Based on these disputed facts, the Court cannot determine as a matter of law whether the force the Officer Boyd applied in effecting plaintiff's arrest was reasonable under the circumstances. As a result, defendant is not entitled to summary judgment on plaintiff's claim pursuant to 42 U.S.C. § 1983 for excessive force.

   (2)  False Arrest

Defendant Boyd also moves for summary judgment on plaintiff's claims for false arrest brought pursuant to § 1983. A § 1983 false arrest claim relies on a substantive Fourth Amendment right to be free from unreasonable searches and seizures. Hannah v. City of Overland, Mo., 795 F.2d 1385, 1389 (8th Cir. 1986). The constituent elements of false imprisonment or false arrest are: (1) detention or restraint of the plaintiff against his will, and (2) the unlawfulness of the detention or restraint, i.e., that the plaintiff was detained or restrained without probable cause. Id. A police officer "who arrests someone with probable cause is not liable for false arrest [or false imprisonment] simply because the innocence of the suspect is later proved." Hannah, 795 F.2d at 1389 (quoting Pierson v. Ray, 386 U.S. 547, 555 (1967)).

The central issue for purposes of defendant's summary judgment motion is whether defendant has carried his burden of showing that he arrested plaintiff with probable cause. Hannah, 795 F.2d at 1389. The proper standard for determining whether probable cause existed is whether the arresting officer reasonably believed an individual has committed or is committing a crime. More specifically:

> [In] determining whether probable cause exists to make a warrantless arrest, a court will consider whether the totality of facts based on reasonably trustworthy information would justify a prudent person in believing the individual arrested had committed . . . an offense. Probable cause is to be assessed in terms of the circumstances confronting a reasonably cautious police officer at the time of the arrest, and the arresting officer is entitled to consider the circumstances, including arguably innocent conduct, in light of his training and experience. '[T]he probability, and not a prima facie showing, of criminal activity is the standard of probable cause.'

Hannah, 795 F.2d at 1389 (quoting United States v. Wallraff, 705 F.2d 980, 990 (8th Cir. 1983)).

Defendant Boyd argues he "had a reasonable belief that plaintiff was involved in a gang fight, committed an assault and battery, evaded arrest, caused a peace disturbance, and resisted arrest in

violation of Missouri law." Defendant Boyd bases this argument on the fact that he saw plaintiff run as Boyd approached in his police car.

The Court finds there are genuine issues of material fact which preclude the entry of summary judgment on plaintiff's claim of false arrest, including but not limited to whether plaintiff ran when he saw Officer Boyd approach in his police car, whether plaintiff stopped running at Officer Boyd's command, whether plaintiff struck Officer Boyd in the stomach, and whether plaintiff resisted arrest. As a result, Defendant Boyd's motion for summary judgment as to plaintiff's claims of false arrest under § 1983 will be denied.

      B.      <u>Plaintiff's State Law Claims of Assault and Battery</u>

Under Missouri law, an assault claim requires proof, *inter alia*, of intent to cause bodily harm. <u>Phelps v. Bross</u>, 73 S.W.3d 651, 656 (Mo. Ct. App. 2002). Similarly, "The tort of battery is the intentional touching of another in a manner offensive to a reasonable person, whether or not bodily damage results." <u>Martin v. Yeoham</u>, 419 S.W.2d 937, 946 (Mo. Ct. App. 1967). Defendant Boyd moves for summary judgment on plaintiff's state law claims of assault and battery, arguing plaintiff cannot show intent to strike plaintiff. As discussed above, based on the record, the Court cannot find that plaintiff has admitted that Boyd did not intend to strike him. The facts surrounding plaintiff's claim of assault and battery are in dispute, and the Court finds that these genuine issues of material fact preclude entry of judgment on these claims.

      C.      <u>Plaintiff's Claim for False Arrest Under Missouri Law</u>

Under Missouri law, the elements of an action for false arrest are "the confinement, without legal justification, by the wrongdoer of the person wronged," against the will of the person confined. <u>Day v. Wells Fargo Guard Serv. Co.</u>, 711 S.W.2d 503, 504-05 (Mo. banc 1986); <u>Rustici v.</u>

Weidemeyer, 673 S.W.2d 762, 767 (Mo. banc 1984). A defendant may be liable for false arrest if he actually arrests or restrains a person, or causes the person's arrest or restraint by another. See, e.g., Smith v. Allied Supermarkets, Inc., 524 S.W.3d 848 (Mo. banc 1975); Bly v. Skaggs Drug Centers, Inc., 562 S.W.2d 723, 727 (Mo. Ct. App. 1978).

Similar to plaintiff's claim of false arrest under § 1983, the Court finds there are genuine issues of material fact which preclude the entry of summary judgment on plaintiff's state law claim of false arrest, including but not limited to whether plaintiff ran when he saw Officer Boyd approach in his police car, whether plaintiff stopped running at Officer Boyd's command, whether plaintiff struck Officer Boyd in the stomach, and whether plaintiff resisted arrest. As a result, Defendant Boyd's motion for summary judgment as to plaintiff's state law claim of false arrest will be denied.

    D.    <u>Qualified Immunity and Official Immunity</u>

Finally, defendant Boyd argues that summary judgment in his favor is appropriate based on the doctrines of official immunity and qualified immunity.

    (1)    Official Immunity

Under the Missouri doctrine of official immunity, public employees are protected from liability for alleged acts of negligence committed during the course of their official duties for the performance of discretionary acts. Southers v. City of Farmington, 263 S.W.3d 603 (Mo. 2008). "However, official immunity is a qualified immunity and does not apply to those discretionary acts done in bad faith or with malice." Reasonover v. St. Louis County, 447 F.3d 569, 585 (8th Cir. 2006) (quoting Davis v. Bd. of Educ. of St. Louis, 963 S.W.2d 679, 688 (Mo. Ct. App.1998)).

The party moving for summary judgment has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. The Court finds

that defendant has not met this burden. With respect to each state law claim, plaintiff alleges defendant Boyd's actions were done "intentionally, maliciously, recklessly, and without legal justification or provocation." (Am. Compl. at ¶¶ 29, 34, 40). The facts viewed in the light most favorable to plaintiff establish that Officer Boyd's actions were done in bad faith or with malice. The Court cannot find as a matter of law that the doctrine of official immunity would protect defendant Boyd from state law claims arising out of these alleged activities.

  (2) Qualified Immunity

In his motion for summary judgment, defendant Boyd also argues he is entitled to qualified immunity. Qualified immunity shields "government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Pearson v. Callahan, 129 S.Ct. 808, 815 (2009). In Saucier v. Katz, 533 U.S. 194, 201 (2001), the Supreme Court developed a two-part inquiry for determining whether defendants are entitled to the protections of qualified immunity. The two questions are whether the facts alleged constitute a violation of a constitutional right and whether that right was "clearly established." Id. The questions need not be addressed in that order. Pearson, 129 S. Ct. at 818.

As previously discussed, a material factual dispute exists regarding the degree and nature of force used to handcuff and arrest plaintiff, and therefore whether Office Boyd violated plaintiff's Fourth Amendment right to be free from unreasonable force. For purposes of the qualified immunity analysis, defendant Boyd has the burden to establish the relevant facts at the summary judgment stage, and the plaintiff is given the benefit of all reasonable inferences. When the facts are viewed in the light most favorable to plaintiff, the facts alleged show defendant Boyd struck plaintiff with the barrel

of his gun without provocation and arrested plaintiff without probable cause. This would be a clear violation of plaintiff's Fourth Amendment right to be free from excessive force and unlawful arrest. This right was clearly established at the time of the arrest, such that defendant was clearly put on notice that his actions were unlawful in the situation he confronted. See Ambrose v. Young, 474 F.3d 1070, 1077 (8th Cir. 2007). Accordingly, defendant Boyd's motion for summary judgment based on qualified immunity should be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Eddie Boyd, III's motion for summary judgment is **DENIED**. [Doc. 64]

                                                                   */s/ Charles A. Shaw*
                                                        **CHARLES A. SHAW**
                                                        **UNITED STATES DISTRICT JUDGE**

Dated this 6th day of May, 2010.