UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| C.L.D., a minor, by and through His Next Friend, Laverne Dixon,<br><br>　　　　Plaintiff,<br><br>v.<br><br><br>EDDIE BOYD, III, *et al.*,<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)  Case No. 4:08-CV-788 CAS<br>)<br>)<br>)<br>)<br>) |

### DEFENDANTS' TRIAL BRIEF

Defendants Francis Slay, Julius Hunter, Vincent J. Bommarito, Todd H. Epsten and Chris Goodson, collectively comprising the Board of Police Commissioners of the St. Louis Metropolitan Police Department (the "Board"), by and through their undersigned counsel, and hereby file the following Trial Brief in this cause.

**I.   The Board is entitled to judgment as the evidence does not establish that the Board was deliberately indifferent with regard to supervision.**

Plaintiff's claim against the Board for failure to properly and adequately supervise Defendant Boyd fails as Plaintiff cannot establish in any manner that the Board was deliberately indifferent with regard to its supervision of police officers.  In order for Plaintiff to maintain his claims, Plaintiff must provide evidence that the Board's supervision was inadequate and likely to result in the violation of constitutional rights.  *Larkin v. St. Louis Housing Authority Development Corporation,* 355 F.3d 1114, 1117 (8th Cir. 2004); *Liebe v. Norton*, 157 F.3d 574, 579 (8th Cir. 1998); *Patzner v. Burkett*, 779 F.2d 1363, 1367 (8th Cir. 1985).  Plaintiff can do this

in either of two ways. First, Plaintiff may show that the failure to supervise is so likely to result in a violation of constitutional rights that the need for supervision is patently obvious. *Id.* This requires a showing that in light of the duties assigned to specific officers or employees the need for more or different supervision is so obvious and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can be reasonably said to been deliberately indifferent to the need. *Andrews v. Fowler*, 98 F.3d 1069, 1076 (8th Cir. 1996), quoting *City of Canton,* 489 U.S. at 390, 109 S.Ct at 1205.

In addition, the fact that a particular employee may be unsatisfactorily supervised will not alone suffice to fasten liability on a government entity. *Thelma D, by and through Delores A v. Board of Education of the City of St. Louis*, 934 F.2d 929, 935 (8th Cir. 1991) quoting *City of Canton,* 489 U.S. at 390-391, 109 S.Ct at 1205-06. Rather, Plaintiff must establish a policy or custom of failing to supervise in order to establish that the Board acted with deliberate indifference. *Thelma D, by and through Delores,* 934 F.2d at 935.

Second, Plaintiff may alternatively show that a pattern of misconduct indicates that the responses to a regularly recurring situation are insufficient to protect the people's constitutional rights. *Larkin* 355 F.3d at 1117.

Plaintiff's evidence fails with regard to both categories of proof. With regard to the first category, the Board supervises it officers in a substantial and significant manner. The Police Department maintains an internal affairs division which investigates citizen complaints. Each officer in the internal affairs division is of sergeant rank or higher. In addition, the evidence will show that there are no significant limits placed on an internal affairs investigation. Furthermore, the supervision provided to police officers is ongoing. The Board's supervision includes

mandatory monthly review of the Board's use of force policy, which contains an index of force which provides several methods of resolving conflict situations and training in constitutional principles with regard to the use of force. That review includes on-line quizzes with regard to the use of force.

Given that substantial and meaningful supervision, Plaintiff cannot show that the supervision offered to officers is patently inadequate. *See Williams-El v. Johnson*, 872 F.2d 224, 230 (8th Cir 1988)(on the job training and police academy training sufficient for correctional officers). *Jennings v. Wentzville School District,* 397 F.3d 1118, 1123 (8th Cir. 1991) (No constitutional violation where ongoing training occurred).

Plaintiff's evidence also fails with regard to the second category of proof. The record contains no evidence of a pattern of misconduct or any evidence of an inappropriate response to a regularly recurring situation. Rather, Plaintiff's case against the Board relies solely on Boyd's disciplinary history and certain statistical data. With regard to the former, Boyd was the subject of two internal affairs division ("IAD") complaints which were filed in September, 2004 and November, 2005 which alleged various forms of physical abuse by Boyd. IAD investigated those complaints and neither was sustained. (SUMF ¶ 35). In addition, Boyd was disciplined for striking a young woman in the head with his firearm on or about April 12, 2006. (SUMF ¶¶ 36-40). However, that sole sustained complaint along with the Board's imposition of discipline on Boyd for that 2006 incident simply does not prove deliberate indifference on the part of the Board, particularly in light of the fact that the Board did not lightly reprimand Boyd for that conduct but rather suspended him without pay for 61 days and reduced him in rank to a probationary officer, which resulted in a reduction in pay and the forfeiture of Boyd's rights to a Board trial. *Id.* It is simply untenable to assert a constitutional distinction between discharging

an employee and the substantial discipline imposed on Boyd by the Board. *See, Patzner v. Burkett*, 779 F.2d 1363, 1367 (8th Cir. 1985) (The first isolated instance of misconduct by a subordinate employee not enough to establish a policy or custom); *See also Baker v. McCoy*, 739 F.2d 381, 384 (8th Cir. 1984) (No constitutional violation where no evidence of a pattern of similar activities).

With regard to the latter plank of his case against the Board, Plaintiff also asserts that because "only" 31 of the physical abuse complaints filed from 2003 to 2007 were sustained, the Board is deliberately indifferent to the risk that its officers are using excessive force. This argument is flawed in several ways. First, there will be no evidence adduced as to the precise nature of these physical abuse claims so there is absolutely nothing to show that the complaints asserted that any officer used constitutionally impermissible force. *Crumley,* 324 F.3d at 1007. In addition, there will be no evidence to support the validity of any of those complaints and thus there is no basis to find that any of the unsustained complaints, much less a substantial number of them, establish that any officer used excessive force or that the Board should assume so and act accordingly. Furthermore, there is absolutely no showing that any of the conduct alleged in those complaints was similar to the conduct alleged to have been committed by Boyd so those complaints simply do not show a pattern of an unconstitutional response to a regularly recurring situation. *See Harris,* 821 F.2d at 508*; Baker,* 739 F.2d at 384-385.

In addition, Plaintiff's argument assumes that 31 sustained complaints is unreasonably low and therefore shows deliberate indifference on the part of the Board. There is simply no evidence to support that percentage (15.7%) is unreasonably low or indicates any neglect by the Board. Rather, Plaintiff's argument rests on an unsupported assumption that there is some

"magic" number of sustained complaints below which the Board dare not tread[1]. Furthermore, Plaintiff's assumption also does not reflect the reality that there is no evidence that the Board imposes any filter or any evidentiary hurdle for those complaints before they are investigated (Defendant's S.U.M.F., ¶¶ 26-27) and that normal citizens do not understand the constitutional force principles with regard to a police officer's use of force. Accordingly, Plaintiff's proof in this regard cannot and does not establish deliberate indifference on the part of the Board. *Larkin,* 355 F.3d at 1117.

> Respectfully submitted,
>
> **CHRIS KOSTER**
> Attorney General
>
> */s/ Robert J. Isaacson*
> Robert J. Isaacson, #33327
> Assistant Attorney General
> P.O. Box 861
> St. Louis, Missouri 63188
> (314) 340-7861 (Telephone)
> (314) 320-7029 (Facsimile)
> *Attorneys for Defendants*

---

[1] Certainly, if the number of sustained complaints were above Plaintiff's "magic" number, Plaintiff would argue that St. Louis city police officers are out of control due to the large number of sustained complaints.

# **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing was filed electronically with the Clerk of Court this 22nd day of June, 2010 to be served by operation of the Court's electronic filing system, upon the following:

Matthew J. Devoti
CASEY AND DEVOTI, P.C.
10 South Broadway, Suite 825
St. Louis, Missouri  63102
Attorney for Plaintiff

Douglas A. Forsyth
10 South Broadway, Suite 825
St. Louis, Missouri 63102
Attorney for Plaintiff

Kevin J. Dolley
9620 Lackland
St. Louis, Missouri 63114
*Attorney for Defendant Boyd*

                                        */s/ Robert J. Isaacson*
                                        Assistant Attorney General

*s*