UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| C.L.D., a minor, by and through His Next Friend, LAVERNE DIXON,<br><br>Plaintiff,<br><br>v.<br><br>EDDIE BOYD, III, et al.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)  No. 4:08-CV-788 CAS<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF'S TRIAL COMPLIANCE

COMES NOW Plaintiff, by and through counsel, and pursuant to the Case Management Order entered by this Court on February 9, 2009, files his objections to discovery identified by Defendant Eddie Boyd, III, to be read to the jury. In support, Plaintiff states:

I.  Deposition Testimony

  A.  Christopher Dixon

| Christopher Dixon<br>Objections to Testimony Proposed to be Read | | |
|---|---|---|
| **Page No.** | **Lines** | **Objection** |
| 21 | 6-23 | Not relevant. Lack of Foundation. Calls for speculation. *See* Plaintiff's Motion in Limine, No. 3. |
| 30 | 9-18 | Not relevant. *See* Plaintiff's Motion in Limine, No. 3. |
| 70 | 10-25 | Not relevant. In this inquiry, counsel asks Plaintiff when he or his mother first contacted, spoke with and met with an attorney after Defendant Eddie Boyd struck him. When first contact was made with counsel and who made the contact does not tend to prove any fact at issue in this case. In fact, such testimony would serve only to confuse and mislead the jury. |

| 71 | 1-17 | Not relevant. Continuation of inquiry at 70, 10-25. |
|----|------|-----|
| 81 | 15-25 | Lack of foundation. Calls for speculation. *See* Plaintiff's Motion in Limine, No. 1. |
| 84 | 12-25 | Not relevant. Lack of Foundation. Calls for speculation. *See* Plaintiff's Motion in Limine, No. 3. |
| 85 | 1-7 | Not relevant. Lack of Foundation. Calls for speculation. *See* Plaintiff's Motion in Limine, No. 3. |
| 86 | 15-20 | Not relevant. Improper attempt to inject character or habit evidence. In this inquiry, counsel asks Plaintiff whether he has ever been in a fight and Plaintiff responds he has been in a tussle with his brothers. The fact that Plaintiff has been in a tussle with his brothers at some point prior to his deposition does not tend to prove or disprove any fact at issue. In fact, the inquiry only tends to improperly inject character evidence into this case. Further, such testimony would serve to confuse and mislead the jury. |

Further, Plaintiff objects to the use of any testimony purported to be given before the Administrative Hearing [sic] Commission Hearing for the reasons set forth in Plaintiff's Motions in Limine filed this same date. *See* Memorandum in Support of Plaintiff's Motions in Limine, Section C.

B.  Eddie Boyd, III

Pursuant to Federal Rule of Civil Procedure 32(a), Plaintiff objects to the entire designation made by Defendant from his own deposition. Rule 32(a) sets forth the circumstances under which a deposition may utilized at trial. Fed.R.Civ.P. 32(a). The rule does not suggest that a party may read his own deposition in lieu of testifying live at trial. *See* Fed.R.Civ.P. 32(a)(2-8). And, Defendant can make no claim that he is not now available or otherwise incompetent to testify at trial. Further, Plaintiff objects to those portions of the

deposition addressed by Plaintiff's Motions in Limine filed this same date for the reasons set forth in the deposition.

 C. Captain John Hayden

| **Captain John Hayden** |
|---|---|---|
| **Objections to Testimony Proposed to be Read** |
| **Page** | **Lines** | **Objection** |
| 53 | 4-25 | Vague. Ambiguous. Calls for speculation. Improper hypothetical. Not relevant. In this inquiry, counsel asks Captain Hayden whether the course and outcome of his investigation would have been different had there been "an agreement" that the use of force in this occurrence was "accidental". Of course, no such agreement has been made and Plaintiff alleges in this matter that Defendant Boyd intentionally struck him with his handgun. Further, this inquiry could only serve to confuse and mislead the jury as it assumes facts not in evidence and facts that will never be in evidence due to the nature of Plaintiff's complaint. |
| 54 | 1-25 | Vague. Ambiguous. Calls for speculation. Improper hypothetical. Not relevant. Continuation of inquiry at 53, 4-25. |
| 55 | 1-25 | Vague. Ambiguous. Calls for speculation. Improper hypothetical. Not relevant. Continuation of inquiry at 53, 4-25, at 54, 1-25. |
| 56 | 1-16 | Vague. Ambiguous. Calls for speculation. Improper hypothetical. Not relevant. Continuation of inquiry at 53, 4-25, at 54, 1-25, at 55, 1-25. |
| 57 | 17-25 | Calls for speculation. Improper hypothetical. Assumes facts not in evidence. Not relevant. *See* rationale, above. |
| 58 | 1-25 | Calls for speculation. Improper hypothetical. Assumes facts not in evidence. Not relevant. *See* rationale, above. Continuation of inquiry at 57, 17-25. |
| 59 | 1-25 | Calls for speculation. Improper hypothetical. Assumes facts not in evidence. Not relevant. *See* rationale, above. Continuation of inquiry at 57, 17-25, at 58, 1-25. |
| 60 | 1-25 | Calls for speculation. Improper hypothetical. |

|    |      |                                                                                                                                                                                |
|----|------|--------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|    |      | Assumes facts not in evidence. Not relevant. *See* rationale, above. Continuation of inquiry at 57, 17-25, at 58, 1-25 at 59, 1-25.                                            |
| 61 | 1-11 | Calls for speculation. Improper hypothetical. Assumes facts not in evidence. Not relevant. *See* rationale, above. Continuation of inquiry at 57, 17-25, at 58, 1-25, at 59, 1-25, at 60, 1-25. |

D. <u>Sergeant Gary Stittum</u>

Plaintiff does not now have any specific objection to the reading of the deposition testimony of Sergeant Gary Stittum. However, Plaintiff reserves the right to pose specific objections and to designate portions of the transcript to be read for completeness purpose should Defendant Boyd specifically identify certain portions of the transcript to be read to the jury at a later date.

E. <u>Officer Silas Ellis</u>

Plaintiff does not now have any specific objection to the reading of the deposition testimony of Officer Silas Ellis. However, Plaintiff reserves the right to pose specific objections and to designate portions of the transcript to be read for completeness purpose should Defendant Boyd specifically identify certain portions of the transcript to be read to the jury at a later date.

F. <u>Officer Richard Wilderson</u>

Plaintiff does not now have any specific objection to the reading of the deposition testimony of Officer Richard Wilderson. However, Plaintiff reserves the right to pose specific objections and to designate portions of the transcript to be read for completeness purpose should Defendant Boyd specifically identify certain portions of the transcript to be read to the jury at a later date.

II.   Interrogatory Answers

| Objections to Plaintiff's Answers to Defendant Boyd's First Interrogatories Proposed to be Read ||
| No. | Objection |
| --- | --- |
| 2 | Not relevant. This interrogatory inquires whether Plaintiff is currently employed or has been employed in the past 10 years. Plaintiff makes no claim for lost wage. Further, at the time of the occurrences mentioned in the pleadings, Plaintiff was under the age of 18 years and a full-time student at Sumner High School. Further, such information will only tend to mislead and confuse the jury. |
| 3 | Not relevant. This interrogatory inquires whether Plaintiff lost any time from his employment as a result of the occurrence mentioned in the pleadings. Plaintiff makes no claim for lost wage. Further, at the time of the occurrences mentioned in the pleadings, Plaintiff was a full-time student at Sumner High School. Further, such information will only tend to mislead and confuse the jury. |
| 15(d) | Not relevant. This interrogatory asks Plaintiff to identify all writings substantiating a claim for lost wages. Plaintiff makes no claim for lost wage. At the time of the occurrences mentioned in the pleadings, Plaintiff was a full-time student at Sumner High School. Further, such information will only tend to mislead and confuse the jury. |

III.   Exhibits

Plaintiff objects to Defendant Boyd's Exhibits H-1 through H-12 and I-1 through I-20 to the extent that Defendant offers those commendations, letters of recognition or positive performance appraisals in an attempt to demonstrate that Boyd's actions in this case conformed with certain actions noted in those documents. Such character evidence is not admissible. *See* Fed.R.Evid. 404 and Memorandum in Support of Plaintiff's Motions in Limine, Section D. Further, Plaintiff has not seen any of these documents prior to the filing of Defendant's

5

trial compliance materials. The documents were not produced by Defendant as part of his Rule 26(a)(1) Disclosures nor referenced by any witness during discovery. The documents do not appear to contain any information relevant to any issue raised in the pleadings and Plaintiff cannot tell the source of most of the document. As such, Exhibits H-1 through H-12 and I-1 through I-20 are without foundation.

Further, Plaintiff objects to Defendant Boyd's Exhibit J. Plaintiff has not seen Exhibit J prior to the filing of Defendant's trial compliance materials. The document was not produced by Defendant as part of his Rule 26(a)(1) Disclosures nor referenced by any witness during discovery. The document does not appear to contain any information relevant to any issue raised in the pleadings and Plaintiff cannot tell the source of the document. As such, Exhibit J is without foundation.

Plaintiff reserves the right to introduce any exhibit identified by Defendant Boyd in his trial compliance.

Plaintiff reserves the right to introduce any exhibit necessary to rebut trial testimony.

Respectfully submitted,

CASEY & DEVOTI, P.C.

By   */s/ Matthew J. Devoti*
     Matthew J. Devoti   # 84877
     mjd@caseydevoti.com
     10 South Broadway, Suite 825
     St. Louis, Missouri  63102
     (314) 421-0763
     (314) 421-5059 (fax)

     Douglas A. Forsyth #3127
     Forsyth Law Office
     daflaw@gmail.com
     10 South Broadway, Suite 825
     St. Louis, Missouri  63102
     (314) 367-5800
     (314) 421-5059 (fax)

     *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 2nd day of July 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following counsel of record:

Robert J. Isaacson                  Kevin J. Dolley
Assistant Attorney General          7750 Clayton Road, Suite 102
Old Post Office Building            St. Louis, Missouri  63117
815 Olive, Suite 215                *Attorney for Defendant Boyd*
St. Louis, Missouri 63188
*Attorneys for Defendant Police Board*

                                    */s/ Matthew J. Devoti*

7